## In Re SHERIN.

### (210 N. W. 507.)

(File No. 6145.   Opinion filed October 22, 1926.)

1. **Attorney and Client—Presumptions.**

    Any one, and particularly a licensed attorney, is held to intend the natural result of his act.

2. **Attorney and Client—Letter by One Attorney to Another Held a Threat to Institute Disbarment Proceedings Unless Property Was Surrendered.**

Letter by attorney to another attorney, stating that he had been requested to institute disbarment proceedings, and after suggesting settlement of another case that, if settlement was refused, he would proceed, held a threat that, unless property was surrendered, disbarment proceedings would be instituted.

3. Attorney and Client—Extortion—Sending of Letter by Attorney to Another Threatening Disbarment Proceedings, Unless Settlement Was Made, Comes Within Extortion Statute, and Justifies Suspension of Attorney Sending Letter (Rev. Code 1919, §§ 4238, 4239, 4243).

Sending of letter by one attorney to another attorney, threatening to institute disbarment proceedings unless case was settled, comes within Rev. Code 1919, §§ 4238, 4239, 4243, defining extortion, and justifies suspension of attorney sending letter.

4. Attorney and Client—Previous Suspension of Attorney for Similar Offense Justifies Severer Punishment Than for a First Offense.

Note.—See, Headnote, (1), American Key-Numbered Digest, Attorney and client, Key-No. 53(1), 6 C. J. Sec 75 (Anno), Evidence, 22 C. J. Sec. 74; (2) Attorney and client, Key-No. 39, 6 C. J. Sec. 52; (3) Attorney and client, Key-No. 39, 6 C. J. Sec. 43; (4) Attorney and client, Key-No. 58, 6 C. J. Sec. 93.

Extortion or robbery as affected by right, or belief in right, to property sought to be secured, see note in 40 L. R. A. (N. S.) 801; 8 R. C. L. 293; 2 R. C. L. Supp. 591.

Original proceeding for disbarment of A. Sherin, an attorney. Judgment suspending attorney for one year.

*Buell F. Jones,* Attorney General, for the State.

*Byron S. Payne,* of Pierre, for Respondent.

MORIARTY, C.   This proceedings was instituted in this court for the disbarment of A. Sherin, an attorney licensed to practice law in the courts of this state.

As there were no disputed questions of fact, the matter was heard by the court upon the motion of the Attorney General for judgment on the pleadings.

The facts as alleged by the original complaint, and admitted by the answer of the accused, are as follows:

'About October, 1921, one Rudolph Miller retained a firm of attorneys at Aberdeen to bring suit against J. J. Batterton, A. O. Bunde, and Howard Babcock, all of Sisseton, S. D., to recover what he alleged to be excessive fees for services as attorneys, and

which he alleged had been extorted from him by said defendants under circumstances which forced him to yield to such extortionate demands. On or about December 4, 1925, the accused in this proceeding, dictated and signed the following letter, and caused copies thereof to be mailed to the said J. J. Batterton, A. O. Bunde, and Howard Babcock:

"Exhibit A.

"A Sherin.                        Arthur L. Sherin.

"Law offices of Sherin & Sherin,

"Attorneys and Counselors,

"Offices in Dakota Life Building, Watertown, S. D.

"December 4, 1925.

"Hon J. J. Batterton, A. O. Bundy, and Howard Babcock, Sisseton, S. D.—Gentlemen: Rudolph Miller of your county has been here and retained us to take care of some matters for him in regard to certain cases at Sisseton.

"An action was commenced against you some time ago by Harkin, Crane & Noll of Aberdeen to recover some money that Mr. Miller paid you for attorney fees. He claims, in this action, that the fees charged by you were exorbitant, and that he was practically compelled to pay the fees after the relation of attorney and client existed between you and himself.

"We are not going to enter into any discussion of the merits of this action at this time, as we understand that a copy of the complaint has been served upon each of you. We have been substituted as attorneys instead of Harkin, Crane & Noll. He (Mr. Miller) has also requested us to prepare a complaint and file it with the Supreme Court, against you, asking for the disbarment of you all on account of forcing these fees from him in the way, and under the conditions that existed at that time.

"The petition to the Supreme Court has been prepared but has not yet been mailed out, as we thought it nothing more than fair to first inform you of what Mr. Miller intends to do. Without any argument of the case, it seems to us that the fees collected from Mr. Miller in that case were exorbitant and were collected when the relation of attorney and client existed between you and him.

"We have no desire to stir up matters any further among the bar at Sisseton than already exists there, and we think this matter should be settled out of court. If you people are willing to do what is fair, we think most of this trouble may be avoided, as we are of the opinion that Mr. Miller will be fair and reasonable, and would suggest that you talk this matter over between yourselves, and we will wait before taking any further steps in the case until we hear from you. We will wait at least a week or ten days to hear from you. If you have nothing to offer and don't care to make a settlement out of court, then we are going to proceed with the cases.

"We are in hopes that this matter may be adjusted without dragging it through the courts.

"I am sending a copy of this letter to Mr. Bundy and one to Mr. Babcock.

"Very truly yours, Sherin & Sherin,
"AS:HH                              By A. Sherin."

At the time this letter was written and mailed, as above stated, the persons to whom it was addressed were each and all licensed practicing attorneys of this state, and the said J. J. Batterton then was, and now is, one of the circuit court judges of this state.

The sole question now before this court is whether the sending of said letter was an act so unethical and unprofessional in character as to require the court to exercise its authority over the accused as a practicing attorney of this state, and punish him for such act.

Mr. Sherin was previously brought before this court in a similar proceeding, and in that instance he was suspended from practice for a time. The charge in such former proceeding was very similar to that preferred in the matter now before the court. The opinion of this court in said former proceeding will be found in 27 S. D. at page 232, 130 N. W. 761, 40 L. R. A. (N. S.) 801, Ann. Cas. 1913D, 446; Id., 28 S. D. 420, 133 N. W. 701, 40 L. R. A. (N. S.) 801. The first of said opinions discusses at considerable length the question of extortion as defined by our Code, and by the decisions of the courts. Section 4238, R. C., defines extortion as follows:

"Extortion is the obtaining of property from another with his consent, induced by a wrongful use of force or fear, or under color of official right."

And section 4239 provides:

"Fear such as will constitute extortion may be induced by threat:

"1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his or member of his family; or,

"2. To accuse him, or any relative of his or member of his family, of any crime; or,

"3. To expose, or impute to him or them, any deformity or disgrace."

And the statutes make extortion so committed a felony, and an attempt to so extort a misdemeanor. Section 4243 makes the sending of any letter expressing or implying, or adapted to imply, any threat such as is specified in section 4239 punishable in the same manner as if such money or property were actually obtained by means of such threat.

The decision in the former proceeding, above referred to, calls attention to the fact that some courts have held that whether threats intended to procure the delivery of property will constitute extortion or not will depend upon whether the property rightfully belongs to the person on whose behalf the demand is made. But by that decision this court aligned itself with the authorities which hold that the justice or injustice of the demand is immaterial. In that decision we find the following language:

"To extort it is not necessary that the 'obtaining' of the property be wrongful in the sense that the party be not lawfully entitled to the possession thereof, but it is only necessary that the means used to obtain the property be wrongful. Thus extortion under our statute includes any 'obtaining of property,' wrongful or otherwise (that is, the 'obtaining of property' to which the party may or may not be lawfully entitled), whenever such property is obtained through the 'wrongful use of force or fear.'"

[1, 2] In the proceeding now before the court, the accused contends that the letter sent by him was not intended to convey a threat. But any one, and particularly a licensed attorney, must be

held to intend the natural result of his act. There can be no doubt that the natural result of sending to Messrs. Batterton, Bunde, and Babcock a statement that: "We will wait before taking any further steps in the case until we hear from you. We will wait at least a week or ten days to hear from you. If you have nothing to offer and don't care to make a settlement out of court, then we are going to proceed with the cases"—was meant to convey a threat that, unless some money or other property was surrendered to the accused or his client, disbarment proceedings would be instituted against each of the attorneys to whom the letter was addressed.

Even the instituting of such proceedings against a practicing attorney would expose one so accused to a certain amount of disgrace. And a threat to institute such proceedings might frequently prove an apt means to extort the surrender of property, rather than be subjected even to the accusation of being guilty of conduct which would justify disbarment.

[3] The sending of this letter plainly comes within the condemnation of the statutes above cited, and calls for action by this court under the statutes giving it the power, and imposing upon it the duty, of revoking or suspending of the licenses of attorneys guilty of such offenses.

[4] The fact that accused has previously been suspended from practice for an exactly similar offense makes it the duty of this court to administer a punishment more severe than it might consider necessary in the absence of such former act of accused.

It is the judgment of the court that the accused, A. Sherin, for the unethical and unprofessional conduct shown in this proceeding should be suspended from practice in any of the courts of this state for the period of one year from and after the entry of judgment herein.

Judgment will be entered accordingly.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.